IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Basel Jaradat, | Case No. 1:07 CV 3560 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jesse Williams, | |
| Respondent. | |

**BACKGROUND**

This matter is before the Court on Petitioner's Objection (Doc. No. 12) to the Magistrate Judge's Report and Recommendation (Doc. No. 11). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981) and 28 U.S.C. § 636 (b)(1)(B) & (C), this Court has made a *de novo* review of the objections to the Magistrate's findings. For the following reasons, the Court finds the objections are not well taken.

**DISCUSSION**

**Facts and Procedural Background**

This Court adopts the Magistrate's statement of the underlying facts (Doc. No. 11, pp. 1-3).

Petitioner was indicted in January 2006 on five counts of rape,[1] one count of kidnapping, and one count of gross sexual imposition. A jury found Petitioner guilty of one count of rape by vaginal intercourse and one count of kidnapping, and the trial court imposed a prison sentence of four years

---

[1] The five counts of rape consisted of rape by digital penetration of the vagina, rape by digital penetration of the anus, rape by cunnilingus, rape by forcible fellatio, and rape by vaginal intercourse (Doc. No. 11, p. 14).

on each count, to be served concurrently. Petitioner was also adjudicated as a sexual predator at a separate hearing.

Petitioner filed a timely appeal of his conviction with the state appellate court. In April 2007, the appellate court affirmed the trial court judgment. The Ohio Supreme Court dismissed Petitioner's appeal in September 2007 because it did not involve a substantial constitutional question.

**Petition for Habeas Corpus**

In his Petition for Writ of Habeas Corpus (Doc. No. 1), Petitioner alleges the prosecution violated his right to remain silent by commenting on his assertion of that right, and that this violation was not harmless error and deprived Petitioner of a fair trial.

The Magistrate concurred with the state appellate court finding that the prosecutor violated Petitioner's right to remain silent. At trial, the prosecutor asked Detective Jody Remington whether Petitioner ever told her that sexual conduct of any type occurred between him and the victim. The prosecutor then asked the detective whether interviews in police custody constituted a defendant's "opportunity to tell you his or her side of the story" (Doc. No. 11, p. 6). Over objection, the detective responded to both questions. In his closing argument, the prosecutor again commented on Petitioner's silence while questioned in custody. The state appellate court found these comments constituted violations of the Supreme Court holding in *Doyle v. Ohio*, 42 U.S. 610, 619 (1976), which held that "the use for impeachment purposes of [defendant's] silence, at the time of arrest and after receiving *Miranda* warnings, violate[s] the Due Process Clause of the Fourteenth Amendment." However, the state appellate court found the non-testimonial evidence, standing alone, to be "overwhelming proof" of Petitioner's guilt, and thus the prosecutorial misconduct resulted in harmless error.

2

The Magistrate concurred with the state appellate court's finding of harmless error, though he disagreed with the court's determination that the evidence against Petitioner was "overwhelming." Unlike his defense of consent to the four non-vaginal counts of rape, Petitioner argued no vaginal rape occurred at all. However, there was corroborating physical evidence of semen in the victim's vagina whose DNA matched Petitioner's. Because the jury's verdict on this rape count did not hinge on Petitioner's credibility alone, the Magistrate concluded the prosecutor's remarks did not have a "substantial, injurious effect or influence on the jury's verdict," nor was the jury "unduly influenced by the prosecution's improper conduct" (Doc. No. 11, pp. 16-17). The Magistrate recommended denial of the Petition.

Petitioner now objects to the Magistrate's conclusion in his Report and Recommendation. Petitioner does not contest the Magistrate's finding of impropriety on the part of the prosecutor, but does believe the Magistrate erred in concluding the prosecutor's violations resulted in harmless error. Petitioner argues that because the "additional 'physical evidence'" on which the Magistrate relied to conclude the *Doyle* errors were harmless contradicted both Petitioner's testimony and the victim's testimony (as explained below), the physical evidence does not independently support a finding of guilt. Therefore, Petitioner concludes the prosecution's *Doyle* errors were not harmless but rather had a substantial, injurious effect on the jury's verdict.

**Habeas Corpus Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2254, provides the standard of review federal courts must apply when considering applications for a writ of habeas corpus. Under AEDPA, a writ of habeas corpus may issue only if the state court adjudication resulted in a decision that was "contrary to" or "involved an unreasonable application

of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 412 (2002). A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Id.* at 405.

**Harmless Error**

In a federal habeas proceeding, the applicable standard of review to determine whether or not constitutional error is harmless is whether the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 627 (1993) (*quoting Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). The right to remain silent after receiving *Miranda* warnings is a critical Fifth Amendment protection extended to defendants at the point of custody through trial. As the Supreme Court noted in *Doyle*, 426 U.S. at 618, "[I]t would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial."

Petitioner argues the jury's acquittal of Petitioner on four of the five counts of rape, the four counts on which Petitioner argued consent as a defense, is evidence that the prosecutor's misconduct undermined Petitioner's defense arguments, substantially and injuriously affecting the jury's decision on the fifth count of rape by vaginal intercourse. First, the jury's decision to acquit Petitioner on four of the five counts implies the prosecutor's misconduct did not affect his credibility in presenting a consent defense on those counts. Notably, Petitioner did **not** argue consent as a defense to the fifth count, but rather contested that vaginal intercourse ever occurred. However, semen with DNA matching Petitioner was found inside the victim's vagina (Doc. No. 13, p. 2). Thus, the issue facing the jury on this rape count was not consent, as it was on counts one through four, but whether

4

intercourse occurred at all. The physical evidence -- the presence of semen inside her vagina -- supported the victim's testimony that vaginal rape occurred and independently supports the jury's conviction on that count, irrespective of the prosecutor's improper remarks at trial. Therefore, Petitioner's decision not to argue consent on this count of rape makes the physical evidence all the more critical, and the jury's apparent decision to rely on that evidence was reasonable.

Petitioner argues at length in his Objection that the victim's testimony contradicts the physical evidence. The victim testified that Petitioner ejaculated outside of her vagina, and Petitioner believes this testimony is irreconcilable with the jury's finding of vaginal rape. However, as Respondent correctly notes, **where** Petitioner ejaculated "misses the point entirely. After all, at the point of ejaculation, the act of rape has already been completed" (Doc. No. 13, p. 3). Moreover, Petitioner was not wearing a condom and fails to consider the possibility that pre-ejaculate may have remained in the victim's vagina after penetration, even if he ejaculated elsewhere. Thus, the physical evidence supports the victim's accusation that at some point Petitioner vaginally raped her and refutes Petitioner's allegation that no vaginal intercourse occurred.

Furthermore, though the DNA testing that matched the semen inside the victim to Petitioner is the only corroborating physical evidence, it is **strong** physical evidence. If the jury believed Petitioner's argument that the other sexual encounters were consensual (as supported by Petitioner's acquittal of those counts), the physical evidence nonetheless corroborates the jury's belief that vaginal intercourse occurred and, based on the victim's testimony, occurred without her consent. The prosecutorial misconduct therefore did not have a **substantial** injurious effect on the jury's conclusions and resulted in harmless error that was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

5

**CONCLUSION**

After conducting a *de novo* review of the portions of the Report and Recommendation objected to by Petitioner, the Magistrate's Report and Recommendation is hereby adopted. The Petition (Doc. No. 1) is dismissed.

The Court must determine whether to grant a certificate of appealability as to any of the claims Petitioner presented in his Petition pursuant to 28 U.S.C. § 2253. *Castro v. United States*, 310 F.3d 900 (6th Cir. 2002). 28 U.S.C. § 2253 states in relevant part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .
> \* \* \*
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

This "substantial showing" includes demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant matter, a reasonable jurist could conclude that the corroborating physical evidence -- semen matching Petitioner's DNA in the victim's vagina -- is insufficient to support Petitioner's conviction in light of the prosecutorial violations at trial imputing Petitioner's right to remain silent. Unlike the state appellate court, the Magistrate found the evidence against Petitioner was not "overwhelming," and in fact believes this Petition to be an "extremely close case" as to whether the prosecutor's misconduct resulted in harmless error (Doc. No. 11, pp. 15, 17). This Court agrees Petitioner presents a close case, though perhaps not as close as the Magistrate found it to be.

6

Thus, pursuant to 28 U.S.C. § 2253, the Court certifies an appeal from this action could be taken in good faith and therefore issues Petitioner a certificate of appealability.

IT IS SO ORDERED.

   s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 21, 2009